UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| COLETON RAY §<br>§<br>Plaintiff, §<br>V. §<br>§ CIVIL ACTION NO. 7:20-cv-214<br>RFC DRILLING, LLC §<br>§<br>§<br>Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT**:

COMES NOW, Coleton Ray ("Ray"), Plaintiff herein, and files this, his Original Complaint and Jury Demand against RFC Drilling, LLC ("RFC"), Defendant, and respectfully states the following:

**I.    PARTIES, JURISDICTION AND VENUE**

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 and Plaintiff's damages sought exceeds $75,000.00.

2. Plaintiff is a citizen and resident of Jacksonville, Cherokee County, Texas.

3. Defendant RFC Drilling, LLC is a foreign limited liability company duly authorized to conduct business in Texas with a principal place of business located at 6001 West Murphy Street, Odessa, TX 79763. Defendant may be served with a summons by serving its registered agent: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Upon information and belief, Defendant was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant ran their daily operations for the relevant time period, was responsible for paying Plaintiff's wages for the relevant time period, and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. During the relevant time period, Plaintiff was financially dependent on, paid by, and issued checks by Defendant.

6. A substantial portion, if not all, of the acts and omissions giving rise to Plaintiff's claims occurred in Odessa, Ector County, Texas.

## II. FACTUAL BACKGROUND

### OVERTIME

7. Defendant RCF operates in the oilfield service industry. Defendant maintains control, oversight, and direction over the operation of its terminal and offices, including employment practices. Defendant maintains and exercises the power to hire, fire, and discipline Plaintiff and those similarly situated.

8. Plaintiff was employed as a "Parts Runner" for Defendant RFC. Plaintiff, in his role of Parts Runner, did not exercise independent business judgement in his position working for Defendant. Specifically he was not operating his own business; rather, he was economically dependent upon Defendant. Plaintiff as a Parts Runner must comply with Defendant's policies and procedures in performing his work. Upon information and belief, Defendant also maintained employment records of Plaintiff. Plaintiff was instructed exactly how the work must be completed.

9. As a part of their operations, Defendant employs individuals like the Plaintiff, whose job title is that of a Parts Runner. The services provided by the Parts Runner, including Plaintiff, were an integral part of RCF's business. Defendant hired Plaintiff to provide said services.

10. The primary function of the Plaintiff's employment in which he was not properly compensated was to pick up and deliver parts or equipment when ordered and miscellaneous tasks such as run errands for the office, mow office yards or clean up trash. In doing so, Plaintiff drove and delivered parts or equipment on routes and to sites predetermined by Defendant. Additionally, Plaintiff worked some weeks totaling over sixty (60) hours a week without receiving proper overtime compensation.

11. Plaintiff has performed the job duties described in paragraph 10 within the past two years and has not been properly compensated for overtime since September 3, 2018. Plaintiff's employment with Defendant started on February 14, 2018. Plaintiff was an hourly employee making $21.00/hour. Starting September 3, 2018, Plaintiff was paid as a salary nonexempt employee and his salary was $60,000.00. Plaintiff was to be paid $2,307.69/biweekly and would also receive $40/day per diem, $.58/mile mileage, expense reimbursement if applicable. However, Plaintiff is a non-exempt worker as defined under the FLSA. Plaintiff normally worked in excess of forty hours per week and holidays. Although Plaintiff worked more than forty hours per week and holidays, he was not compensated for overtime hours at one and one-half times his appropriate regular rate. In total, since September 3, 2018, Ray is owed approximately $43,594.53 for unpaid overtime compensation.

12. As a non-exempt employee, the Plaintiff was entitled to be paid time-and-a-half for all hours worked in excess of forty in a workweek. Accordingly, Defendant's practice of failing to pay overtime compensation is a clear violation of the FLSA. No exemption excuses the Defendant from paying proper overtime rates for hours worked over forty. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiff is entitled to liquidated damages for such conduct.

13. For purposes of this action, the "relevant period" is defined as such period commencing on the date September 3, 2018 and continuing until January 29, 2020. Defendant failed to comply with the FLSA in that Plaintiff performed work for Defendant for which no provisions were made by Defendant to pay Plaintiff overtime compensation for those hours worked in excess of forty hours within a work week.

14. Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to the FLSA, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

**RETALIATION**

15. Plaintiff was not paid for the September 2-15, 2019 pay period or for the November 25-December 8, 2019 pay period. When plaintiff inquired about not receiving his pay, he was informed by Eric Dowden, the Defendant's General Manager that he had been laid off; however no one ever notified him as such. Plaintiff was also told by Bert Nava, the Defendant's Superintendent, that he was not to be laid off because only hourly employees were being temporarily laid off, which plaintiff was not. On December 3, 2019, Plaintiff filed a wage claim with the Texas Workforce Commission. When RFC was notified of the claim, the President, Gary Holly, and the General Manager, Eric Dowden, commanded Plaintiff to waive the claim or be fired. Plaintiff did not waive the claim and was fired on January 29, 2020.

16. Thereafter, Plaintiff proceeded with his wage claim and on April 16, 2020 Texas Workforce Commission determined that Plaintiff was entitled to unpaid overtime and Defendant was ordered to pay unpaid overtime. (See *Exhibit 1*)

### III. CAUSES OF ACTION

### COUNT ONE: VIOLATION OF THE FAIR LABOR STANDARDS ACT

17. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-2019 (section #216 for jurisdictional placement).

18. 29 U.S.C. § 207 (a) (1) states, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

19. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce

for the relevant time period because the materials and goods that Plaintiff used and transported on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce before and/or after Plaintiff's use of the same. Plaintiff's work for Defendants was actually in and/or so closely related to the movement of commerce while Plaintiff worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants. Defendant's business is drilling oil and gas wells.

20. Furthermore, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

21. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

22. Wherefore, Plaintiff requests double damages and reasonable attorneys' fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

**COUNT TWO: UNLAWFUL RETALIATORY TERMINATION**

23. Defendant retaliated against Plaintiff in violation of Section 15(a)(3) of the FLSA because he filed a wage claim in good faith with the Texas Workforce Commission. Defendant RCF would not have retaliated against Plaintiff but for Plaintiff filing his wage claim. Thus, Plaintiff is

entitled to recover the earnings and benefits lost in the past.

## IV. DAMAGES

24. As a result of RCF's retaliatory conduct, Plaintiff suffered pecuniary losses, including but not limited to lost wages and other benefits associated with his employment.

25. Additionally, Plaintiff seeks equitable relief necessary to return his to the position she would have been in but for RCF's unlawful retaliation.

26. RCF acted with malice and/or reckless indifference to Plaintiff's state-protected rights, entitling him to punitive damages under TEX. LABOR CODE § 21.2585.

27. RCF willfully retaliated against Plaintiff, entitling Plaintiff to liquidated damages.

28. RCF's discriminatory conduct forced Plaintiff to retain the assistance of counsel in order to redress the harms inflicted upon him. Consequently, Plaintiff seeks reasonable attorneys' fees, expert fees and court costs under 29 U.S.C. § 626(b) and TEX. LABOR CODE § 21.259.

## V. JURY DEMAND

29. Plaintiff requests a jury trial on all issues, claims, actions and defenses in this case.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

(a) That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

(b) That Plaintiff be awarded back pay, with prejudgment interest;

(c) That Plaintiff be awarded punitive damages as a result of Defendant's intentional and malicious conduct, or reckless indifference to his rights protected under state law, in an amount to be determined at trial;

(d) That Plaintiff be awarded multiples damages as a result of RCF' willful violation of federal law.

(e) unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times regular rates;

(f) liquidated damages in an amount equal to their unpaid overtime compensation as allowed by the FLSA;

(g) That Plaintiff be awarded his reasonable attorneys' fees as allowed by law;

(h) That Plaintiff be awarded his costs associated with this action;

(i) That Plaintiff be awarded recoverable expenses; and

(j) That Plaintiff be awarded such other and further relief as the Court may deem to be just and proper under the circumstances.

Respectfully submitted,

**JOHNSON REIST, PLLC**

By: *Wes Johnson*
    **WESLEY G. JOHNSON**
    State Bar No. 24041204
    wjohnson@johnsonreist.com

1312 14th Street, Suite 202
Plano, Texas 75074
Telephone: (469) 501-2559
Facsimile: (469) 501-7471

**ATTORNEYS FOR PLAINTIFF**